UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24113-RAR

**MIKALLEY WILLIAMS**,

    Plaintiff,

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA**,

    Defendant.
_____/

## ORDER DENYING MOTION TO TRANSFER VENUE

**THIS CAUSE** comes before the Court upon Defendant Unum Life Insurance Company of America's Motion to Transfer Venue ("Motion"), [ECF No. 21]. Plaintiff filed the case on October 23, 2024, alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. *See* [ECF No. 1]. On May 19, 2025, Defendant filed the Motion, [ECF No. 21], seeking to transfer this case to the United States District Court for the District of Utah. On May 27, 2025, Plaintiff filed a Response in Opposition to Defendant's Motion ("Response"). *See* [ECF No. 27]. The Court, upon review of the Motion and the Response, finds that this action should not be transferred to the United States District Court for the District of Utah. *See* 28 U.S.C. § 1404(a).

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The overarching purpose of § 1404 'is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Kelling v. Hartford Life & Acc. Ins. Co.*, 961 F. Supp. 2d 1216,

1218 (M.D. Fla. 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Courts have broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622); *see also Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002).

District courts apply a two-step test to determine whether transfer is warranted under section 1404(a). First, a case can only be transferred to a "district where the action might have been brought" in the first instance. 28 U.S.C. § 1404(a); *see also Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp. 882, 885 (M.D. Fla. 1993). Second, the transfer must be warranted on grounds of convenience to the parties and the interests of justice. *See Van Dusen*, 376 U.S. at 612; *see also Windmere Corporation v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985). In analyzing this second prong, courts analyze several factors, including the following:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1277 (S.D. Fla. 2020). Additionally, although section 1404(a) does not impose a deadline for filing a motion to transfer, "the prevailing rule is that the movant must act with 'reasonable promptness' in seeking transfer." *Clinton v. Sec. Benefit Life Ins. Co.*, No. 19-24803-CIV, 2020 WL 6120565, at *2 (S.D. Fla. June 29, 2020) (quoting *Willis v. Okeechobee Cnty.*, No. 11-23765-CIV, 2012 WL 12845648, at *2 (S.D. Fla. Aug. 16, 2012)), *R & R adopted*, No. 19-24803-CIV, 2020 WL 6120554 (S.D. Fla. July 21, 2020); *see also* 15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3844

(4th ed. 2025) (footnotes omitted). "The party seeking transfer bears the burden of demonstrating entitlement." *Fruitstone*, 464 F. Supp. 3d at 1277 (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)).

Plaintiff does not dispute that this action might have been brought in the District of Utah. *See* Mot. at 5–6; Resp. at 5. The Court agrees. "An action 'might have been brought' in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Windmere, Inc.*, 617 F. Supp. at 10. The District of Utah has subject matter jurisdiction because this action arises under federal law, namely, ERISA. *See* 28 U.S.C. § 1331. Venue is proper in the District of Utah because the alleged breach took place in the District of Utah, where Plaintiff resided when she submitted her claims and when Defendant denied those claims. *See* [ECF No. 22] ¶ 5; 29 U.S.C. § 1132(e)(2) (providing that venue is proper in an ERISA action "where the plan is administered, where the breach took place, or where a defendant resides or may be found"); *Presser v. Union Sec. Ins. Co.*, No. 17-CV-61184, 2017 WL 4476333, at *5 (S.D. Fla. Oct. 6, 2017) ("[I]t is the location where an ERISA plan beneficiary is to receive his or her benefits that the breach is considered to have taken place."). Defendant, the movant here, conducts business in the District of Utah and is amenable to process in that district. *See* [ECF No. 22] ¶ 6. Accordingly, this case may have been brought in the District of Utah.

As to the second prong, the Court finds that convenience to the parties and the interests of justice do not favor transfer to the District of Utah. "The procedural posture of an ERISA claim for benefits after administrative appeal reduces the number of factors to consider upon a motion to transfer." *Kelling*, 961 F. Supp. 2d at 1219. This is because an ERISA benefits case more closely resembles an appeal than it does a triable action, and it is almost always resolved through

dispositive motion practice. *See Crume v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d 1258, 1273–74 (M.D. Fla. 2006); *see also* Joint Scheduling Report, [ECF No. 9] at 2 (indicating that "Defendant maintains that the disputed issues in this ERISA civil enforcement action may be resolved through the filing and consideration of cross-motions for summary judgment"). Under these circumstances, where the case is unlikely to go to trial and will almost certainly be decided on the papers, factors such as convenience of the parties, convenience to witnesses, location of documents, and availability of process to compel the attendance of unwilling witnesses "are of little moment" and generally "not of any great weight." *Kelling*, 961 F. Supp. 2d at 1219.

Familiarity with governing law is also not a concern in an ERISA case because all federal courts are equally competent to decide issues of federal law. *See Alexandra H. v. Oxford Health Insurance, Inc.*, No. 11-CV-23948, 2012 WL 13080210, at *8 (S.D. Fla. Mar. 21, 2012) ("[T]his is an ERISA-based action founded on federal law. As such, New York and Florida [federal] courts are equally familiar with the pertinent law."); *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987) (noting that all federal courts are "competent to decide federal issues correctly"). Additionally, neither party argues that the relative means of the parties favors either granting or denying the transfer. Accordingly, the Court finds that these factors are neutral.

The Court is left to consider Plaintiff's choice of forum, the locus of operative facts, and the interests of justice. Generally, a "[p]laintiff's choice of forum should be accorded considerable deference, and ultimately, transfer can only be granted where the balance of convenience of the parties strongly favors the defendant." *Fruitstone*, 464 F. Supp. 3d at 1277 (quotations omitted). At the same time, a plaintiff's choice of forum is entitled to less weight when the operative facts have no obvious connection to the district. *See Suomen Colorize Oy v. DISH Network L.L.C.*, 801

F. Supp. 2d 1334, 1338 (M.D. Fla. 2011) ("[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." (quoting *Garay v. BRK Elecs.*, 755 F. Supp. 1010, 1011 (M.D. Fla.1991))).

Here, the locus of operative facts is not within the Southern District of Florida. Defendant argues that the locus of operative facts is in the District of Utah, where Plaintiff lives, where she received a significant portion of her medical treatment, and where she will receive benefits if she prevails in this case. Mot. at 9. Plaintiff disputes this, arguing that her treating doctors are spread all over the country, and therefore, the locus of operative facts might be found in any number of judicial districts. Resp. at 10. However, one thing is clear—wherever the locus of operative facts is, it is not here. The only apparent connections between the Southern District of Florida and Plaintiff's case are that Plaintiff's attorney is located in the District, and Defendant maintains an office in the District. Accordingly, on balance, the weight of Plaintiff's choice of forum and the locus of operative facts weighs in favor of transfer.

This brings the Court to the final—and in this case, decisive—considerations: the interests of justice and timeliness, which are intertwined in this case. Although section 1404(a) does not impose a deadline for filing a motion to transfer, "the party seeking a change of venue should act with reasonable promptness"; therefore, "delay may cause the district court to refuse a transfer that otherwise would have been granted had it been sought earlier." 15 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3844 (footnotes omitted). How much delay is too much depends on the circumstances of the case, including how far litigation has progressed and how long it was possible for the moving party to seek transfer before doing so. *See, e.g., Willis v. Okeechobee Cnty.*, No. 11-23765-CIV, 2012 WL 12845648, at *2 (S.D. Fla. Aug. 16, 2012) (denying transfer motion as untimely where defendants actively litigated the case for eight months after the case was

initiated and four months after the court issued its scheduling order even though the section 1404(a) factors might have otherwise weighed in favor of transfer); *Damian v. Meftah*, No. 19-25273-CIV, 2021 WL 8775762, at *5 (S.D. Fla. Dec. 28, 2021) (denying motion to transfer where plaintiff moved for transfer two months before trial, after all pretrial deadlines had expired, and after the parties had actively litigated the case); *Clinton*, 2020 WL 6120565, at *2 (finding that movant acted with reasonable promptness and granting transfer motion where defendant filed the motion for transfer five months after service of the complaint but only two weeks after the court denied defendant's previous motion to apply the first-filed rule, which gives district courts the discretion to transfer, stay, or dismiss a later filed action); *Bankers Ins. Co. v. DLJ Mortg. Capital, Inc.*, No. 8:10–CV–419–T–27EAJ, 2012 WL 515879, at *4 (M.D. Fla. Jan. 26, 2012) (granting transfer motion filed almost two years after case filed where the party seeking the transfer was brought into the action eighteen months after the case was filed and plaintiffs did not claim transfer would result in a prejudicial delay in resolving their claims).

      Here, Defendant's Motion is not timely, and the interests of justice would not be well served by allowing transfer at this late juncture. Plaintiff initiated this case and served Defendant approximately seven months ago. *See* Compl., [ECF No. 1] (filed October 23, 2024); Return of Service, [ECF No. 4] (indicating Defendant was served on November 1, 2024). Because ERISA cases are mostly limited to minimal discovery outside the administrative record and because they are usually resolved on the papers without trial, it is the Court's practice to set ERISA benefits cases on the expedited case management track prescribed by the Southern District of Florida Local Rules. *See* S.D. FLA. LOC. R. 16.1(a)(2)(A). Accordingly, the Court's Scheduling Order, [ECF

No. 11], entered on December 9, 2024, placed the case on an expedited track, with discovery due to close on May 27, 2025, and pretrial motions due by June 10, 2025.

Defendant filed the Motion on May 19, 2025, one week before the close of discovery, and three weeks before the pretrial motions deadline. The apparent impetus for the transfer is that Plaintiff recently obtained discovery from Defendant of certain medical records outside the administrative record that favor Plaintiff's case. These extra-record documents are admissible in the Eleventh Circuit, *see Harris v. Lincoln Nat'l Life Ins. Co.*, 42 F.4th 1292, 1297 (11th Cir. 2022), but not in the Tenth Circuit, *see Jewell v. Life Ins. Co. of N.A.*, 508 F.3d 1303, 1308 (10th Cir. 2007). Defendant understandably seeks transfer to the Tenth Circuit because Tenth Circuit precedent favors Defendant's case. Mot. at 2–3 ("[U]nder established principles of ERISA law in the Tenth Circuit, where this action should be adjudicated, absent extraordinary circumstances, the administrative record is closed." (citing *Jewel*, 508 F.3d at 1308)). And Plaintiff understandably seeks to keep this case in the Eleventh Circuit because Eleventh Circuit precedent favors Plaintiff's case. Resp. at 5 ("Interests of justice weigh greatly in favor of denying transfer. First, the case is [in] the Eleventh Circuit where evidence excluded from Unum's claim file will be considered by the Court in dispositive motion briefing." (citing *Harris*, 42 F.4th at 1297)).

These legal differences are relevant insofar as they illuminate the parties' motivations. Defendant cries foul that Plaintiff brought this case in a Circuit where the governing law is more favorable to Plaintiff's claims. But whatever motivated Plaintiff to file this case in the Southern District of Florida must have been apparent to Defendant from day one. When Plaintiff brought this case, she did not necessarily know what discovery might turn up—but Defendants did have access to the extra-record discovery documents now at issue. If litigating this case in the Southern District of Florida presented Defendant with any *actual* inconvenience, Defendant could have

moved for transfer at any time. Instead, Defendant chose to request a transfer just one week before the close of discovery—and three weeks before the deadline for dispositive motions—after producing discovery and realizing that it would have a better shot at winning in the Tenth Circuit.

Defendant's conduct belies its contention that it would face any true inconvenience by litigating this case in the Southern District of Florida. Transferring this action to the District of Utah would only delay disposition of a case that is ready for adjudication. Under these circumstances, Defendant plainly did not act with reasonable promptness to request transfer. And the interests of justice would not be well served by allowing Defendant to ship this case to the District of Utah on the eve of the pretrial motions deadline after the parties have actively litigated and conducted discovery in this District. *See Kelling*, 961 F. Supp. 2d at 1218 ("The overarching purpose of § 1404 'is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" (quoting *Van Dusen*, 376 U.S. at 616 (1964))). Thus, Defendant has failed to meet its burden of demonstrating that transfer is appropriate here.

Accordingly, the Court having carefully reviewed the Motion, the Response, the record, and applicable law, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion, [ECF No. 21], is **DENIED**.

2. The stay entered in this case, *see* [ECF No. 26], is **LIFTED**.

3. The following deadlines in the Court's Scheduling Order, [ECF No. 11], are hereby **EXTENDED** as follows:

**June 13, 2025.** All discovery, including expert discovery, shall be completed.

**June 27, 2025.** The parties must have filed all pre-trial motions.

**July 25, 2025.**  The parties shall submit a joint pre-trial stipulation and proposed findings of fact and conclusions of law.  **No motions *in limine* or *Daubert* motions are permitted, given that this matter is set for a bench trial.**

All other dates set by the Court's Scheduling Order, [ECF No. 11], shall remain in place.

**DONE AND ORDERED** in Miami, Florida, this 5th day of June, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**